United States District Court
Southern District of Texas
**ENTERED**
October 21, 2025
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| Bria Ratcliff, as Power of | § | |
| Attorney for Frances St. Amand,[1] | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action H-25-2280 |
| | § | |
| EKRE of TX, LLC, | § | |
| *Defendant*. | § | |

## MEMORANDUM AND RECOMMENDATION
## AND ORDER

Pending before the court are Plaintiff's Motion for Leave to File First Amended Petition, ECF No. 24; Plaintiff's Motion for Leave to File Motion to Remand, ECF No. 32; and Plaintiff's Motion to Remand, ECF No. 33.

Plaintiff's Motion for Leave to File First Amended Petition, ECF No. 24, is **DENIED**. Plaintiff's Motion for Leave to File Motion to Remand, ECF No. 32, is **GRANTED**. The court recommends that Plaintiff's Motion to Remand, ECF No. 33, be **DENIED**.

### *1. Background*

On May 22, 2024, Bria Ratcliff, purporting to act as attorney-in-fact for her grandmother, Frances St. Amand, filed this lawsuit against Defendant EKRE of TX, LLC in state district court.[2]

---

[1] As discussed herein, even with "power of attorney," Bria Ratcliff has no authority to bring this case on behalf of Frances St. Amand.

[2] In state court, Ratcliff intended to sue on behalf of her grandmother as "attorney-in-fact." *See* ECF No. 1-11 at 2–3. Via letter, opposing counsel informed Ratcliff that her representation of her grandmother "constitutes the unauthorized practice of law under both Texas and federal law." ECF No. 12 at 19–20. Opposing counsel is correct. *See* Tex. Gov't Code § 81.102; 28 U.S.C. § 1654; *Wilkins v. Atty Keval Patel Law Firm*, No. 3:23-cv-00088, 2023 WL 5173984 (S.D. Tex. June 16, 2023).

ECF No. 1-5. Plaintiff alleged that Defendant "stole away [St. Amand's] real property with consideration that falls egregiously short of just and fair compensation." *Id.* at 5. She sought recission of the conveyance of the real property, return of that property in fee simple absolute, and a declaration that documents "alleged to have been signed and executed by [St. Amand] or anyone allegedly acting on her behalf . . . [are] null and void . . . ." *Id.* at 2, 5.

The original petition did not contain any specific requests for monetary damages, and it did not include a statement that Plaintiff's damages demand was within the jurisdictional limits of the state district court, as is required by Texas Rule of Civil Procedure 47(b). While Plaintiff alleged that Defendant "claims to have paid $260,000.00" for the property, she stated "that assertion was and is fraudulent," and she provided no opinion as to her own valuation of the property. *Id.* at 3; *see* ECF No. 1-5.

On June 28, 2024, Defendant removed the case to federal court under 28 U.S.C. § 1331. *See St. Amand v. EKRE of TX, LLC*, No. 4:24-cv-2440 (S.D. Tex. Sept. 9. 2024) (Def.'s Notice of Removal, ECF No. 1 at 1). The case was remanded because "no reasonable construction of Plaintiff's petition . . . raise[d] a federal question." *St. Amand*, No. 4:24-cv-2440 (Mem. Op. & Order, ECF No. 16 at 5–6).

Still acting on behalf of her grandmother, Ratcliff filed an Amended Petition in state court on May 16, 2025. ECF No. 1-11 at 2. The Amended Petition included the same requests for relief as before and added that Ratcliff is "seeking additional damages . . . . Actual Economic Damage [in] the amount of $300,000[,] . . . $600,000 in Actual Non-Economic Damage[,]" and punitive damages. ECF No. 1-11 at 3. Three days after the Amended Petition was filed, Defendant removed the case to federal court for a second time. ECF No. 1. Defendant asserts that the

2

court has diversity jurisdiction under 28 U.S.C. § 1332(a) given the statement of a monetary demand over $75,000 in the Amended Petition. *Id.* Plaintiff challenges Defendant's removal and asks the court to remand. ECF Nos. 32, 33.

Plaintiff filed a motion for leave to amend the Amended Petition on May 30, 2025. ECF No. 12. Plaintiff asks the court to allow her to amend the petition to:

> (1) recognize [Ratcliff] as the proper party to bring the suit individually based on newly discovered facts related to a fraudulent conveyance of real property . . . ; (2) seek return of the property deed to the rightful owner [St. Amand]; (3) amend the damages sought to an amount not exceeding $75,000[.]

ECF No. 12 at 1.

On June 23, 2025, Plaintiff submitted a second motion for leave to amend the Amended Petition. ECF No. 24.[3] The following day, the court ordered Plaintiff to provide a certificate of conference and file a certificate indicating Defendant's position on Plaintiff's motion by July 2, 2025. ECF No. 25. Plaintiff did not comply with the court's order. Defendant opposes Plaintiff's motion and argues that the proposed amendments are futile as Ratcliff lacks standing to bring a claim. ECF No. 26 at 4.

### 2. *Motion for Leave to Amend the Amended Petition*

The court recognizes that Plaintiff did not follow the court's June 24, 2025 Order to provide a certificate of conference and file a certificate indicating Defendant's position on Plaintiff's motion. *See* ECF No. 25. The court also recognizes that, generally, a plaintiff may amend a complaint once as a matter of right. Fed. R.

---

[3] In her second motion for leave to amend the complaint, Plaintiff references an "attached First Amended Petition." ECF No. 24 at 1. However, no attachments resembling an amended complaint were included with the filing, and as a result, this filing lacks sufficient detail about Plaintiff's proposed amendments to her petition. Accordingly, the court considers Plaintiff's first motion for leave to amend, ECF No. 12, and second motion for leave to amend, ECF No. 24, together as one motion.

Civ. P. 15(a); *see also* 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3738 (Rev. 4th ed. 2025) ("Once a case has been removed, the parties may amend the pleadings filed in the state court . . . ."). However, "[i]t is within the district court's discretion to deny a motion for leave to amend if [the proposed amendment] is futile." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000). An amendment is futile if it "could not survive a motion to dismiss." *Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010).

A court may dismiss an action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Federal courts' subject matter jurisdiction extends "only to 'Cases' and 'Controversies.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337 (2016) (quoting U.S. Const. art. III, § 2). Constitutional "[s]tanding to sue is a doctrine rooted in the traditional understanding of a case or controversy" and is an "essential component[] of federal subject matter jurisdiction [that] can be raised at any time by either party or the court." *Id.* at 338. The elements of constitutional standing are that the plaintiff: "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.*

At the inception of this case, St. Amand was the sole plaintiff. ECF No. 1-5 at 2. She sought recission of the contract that conveyed the property to the Defendant and return of the property. *Id.* Under Plaintiff's proposed amendments to the petition, Ratcliff would be substituted in as the plaintiff in St. Amand's place. *See* ECF No. 12. It is not clear to the court whether Ratcliff would then pursue the existing cause of action on her own behalf, or whether the amended petition would allege entirely new causes of action

4

with Ratcliff as the sole plaintiff. Either way, Plaintiff's proposed amendments would be futile because Ratcliff lacks standing.

To the extent that Plaintiff seeks leave to amend to substitute Ratcliff as the sole plaintiff and pursue St. Amand's existing cause of action, Plaintiff's motion is denied. Ratcliff lacks standing to pursue St. Amand's claim on her own behalf. Ratcliff has no relation to the existing fraudulent conveyance claim. She was not a party to the alleged fraudulent contract. ECF No. 1-5 at 23–30. She is not listed on the deed transferring ownership of the property to Defendant. *Id.* at 9–12. Additionally, Plaintiff has neither suggested nor presented evidence to show that Ratcliff is the real party in interest in this dispute or that Ratcliff should be successor-in-interest to St. Amand's claims. *See* Fed. R. Civ. P. 17; Fed. R. Civ. P. 25; *see also Magallon v. Livingston*, 453 F.3d 268, 273 (5th Cir. 2006) ("[Fifth Circuit case law] holds that a plaintiff must have a reasonable basis for naming the wrong party to be entitled to ratification, joinder, or substitution [under Rule 17].").

To the extent that Plaintiff seeks leave to amend to add Ratcliff as a plaintiff and plead a new cause of action, her motion is denied. Plaintiff has not identified the new cause(s) of action that Ratcliff seeks to bring. Even if Ratcliff sought to join St. Amand's lawsuit as a second plaintiff (rather than stepping in as the sole plaintiff), Ratcliff does not appear to have a related claim that could be permissibly joined with St. Amand's fraudulent conveyance claim. *See* Fed. R. Civ. P. 20.

For these reasons, Plaintiff's Motion for Leave to File First Amended Petition, ECF No. 24, is **DENIED**.

As it stands, Frances St. Amand is the sole plaintiff in this lawsuit. The court will enter a separate order in accordance with this ruling.

### 3. Motion to Remand

Plaintiff's Motion for Leave to File Motion to Remand, ECF No. 32, is **GRANTED**. Accordingly, the court has considered Plaintiff's Motion to Remand, ECF No. 33. The court recommends that Plaintiff's Motion to Remand, ECF No. 33, be **DENIED**.

Under 28 U.S.C. § 1441(a), a defendant may remove an action from state court to federal court if the federal district court possesses subject matter jurisdiction over the action. *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Federal district courts have subject matter jurisdiction over "civil actions 'between . . . citizens of different States' where the amount in controversy exceeds $75,000." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (quoting 28 U.S.C. § 1332(a)(1)). The citizenship requirement in 28 U.S.C. § 1332(a)(1) requires complete diversity of citizenship between the parties. *Id.* "To determine whether jurisdiction is present, the court "consider[s] the claims in the state court petition as they existed at the time of removal." *Manguno*, 276 F.3d at 723.

Plaintiff argues that there is not complete diversity of citizenship between the parties. ECF No. 12 at 4. For purposes of diversity jurisdiction, "the citizenship of an LLC is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079–80 (5th Cir. 2008). The citizenship of individual persons "is determined by domicile, which requires residency plus an intent to make the place of residency one's permanent home." *SXSW, L.L.C. v. Fed. Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023). Defendant EKRE of TX, LLC has one member—283 East 234th St., LLC—which itself has one member—an individual person domiciled in New York. ECF No. 1 at 2. Thus, Defendant is a citizen of New York for purposes of diversity jurisdiction. Plaintiff is a citizen of Texas. ECF No. 1-11 at 3;

*see also* ECF No. 1-11 at 17. There is complete diversity of citizenship between the parties.

Plaintiff argues that the amount in controversy does not meet the $75,000 threshold required for diversity jurisdiction because she has asked the court to allow her to amend the petition to reduce the amount in controversy. ECF No. 12 at 4. But the amount-in-controversy amendment that Plaintiff seeks to make is futile if her goal is to destroy the court's subject matter jurisdiction. It is a "well-settled principle that a plaintiff may not defeat removal by subsequently changing [their] damage request, because post-removal events cannot deprive a court of jurisdiction once it has attached." *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 265 (5th Cir. 1995) (internal quotations omitted).

Accordingly, Plaintiff's argument—that her proposed amended complaint defeats the court's subject matter jurisdiction—fails. In the relevant pleading at the time of removal, Plaintiff sought to recover at least $900,000 in damages. ECF No. 1-11 at 2. This exceeds the $75,000 threshold, satisfying the amount-in-controversy requirement. The court has subject matter jurisdiction under 28 U.S.C. § 1332(a).

Plaintiff also argues that the prior remand of this case for lack of subject matter jurisdiction precludes Defendant's second removal. *See* ECF No. 12 at 4. However, a prior remand does not preclude a subsequent removal that is based on a new pleading. *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996) ("[A] defendant is precluded only from seeking a second removal on the same ground. . . . '[O]n the same ground' does not concern the theory on which federal jurisdiction exists . . . but rather the pleading or event that made the case removable.").

Previously, Defendant removed the case under 28 U.S.C. § 1331. *See* Mem. Op. and Order 2, ECF No. 16, *St. Amand v. EKRE of TX, LLC*, No. 4:24-cv-2440 (S.D. Tex. Sept. 9. 2024) ("The

defendant relied solely on the Court's federal question jurisdiction and refrained from providing the Court with diversity jurisdiction information."). After remand, Plaintiff amended her state court petition to, for the first time, include a specific request for $900,000 in damages. ECF No. 1-11 at 2. Defendant now removes under 28 U.S.C. § 1332. ECF No. 1 at 1. Because Defendant removed the case based on a new pleading, which put forth a new request for monetary damages exceeding $75,000, Defendant's removal is not precluded by the prior remand.

For these reasons, the court recommends that Plaintiff's Motion to Remand, ECF No. 33, be **DENIED**.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas on October 21, 2025.

_____
Peter Bray
United States Magistrate Judge