United States District Court
Southern District of Texas
**ENTERED**
November 26, 2025
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| Bria Ratcliff, as Power of | § | |
| Attorney for Frances St. Amand, | § | |
| *Plaintiff,* | § | |
| | § | Civil Action H-25-2280 |
| v. | § | |
| | § | |
| EKRE of TX, LLC, | § | |
| *Defendant.* | § | |

### MEMORANDUM AND RECOMMENDATION

This case has been referred to the undersigned magistrate judge for full pretrial management under 28 U.S.C. § 636(b)(1)(A) and (B). ECF No. 17. The court *sua sponte* recommends this case be **DISMISSED** for failure to prosecute.

### 1. Background and Procedural Posture

On May 22, 2024, Bria Ratcliff, purporting to act as attorney-in-fact for her grandmother, Frances St. Amand (Plaintiff), filed this lawsuit against Defendant EKRE of TX, LLC in state district court. ECF No. 1-5. Plaintiff alleged that Defendant "stole away Plaintiff's real property with consideration that falls egregiously short of just and fair compensation." *Id.* at 5. She sought recission of the conveyance of the real property, return of that property in fee simple absolute, and a declaration that documents "alleged to have been signed and executed by Plaintiff or anyone allegedly acting on her behalf . . . [are] null and void . . . ." *Id.* at 2, 5.

On June 28, 2024, Defendant removed the case to federal court under 28 U.S.C. § 1331. *See St. Amand v. EKRE of TX, LLC*, No. 4:24-cv-2440 (S.D. Tex. Sept. 9. 2024) (Def.'s Notice of Removal, ECF No. 1 at 1). The case was remanded because "no reasonable construction of Plaintiff's petition . . . raise[d] a federal

question." *St. Amand*, No. 4:24-cv-2440 (Mem. Op. & Order, ECF No. 16 at 5–6). Still acting on behalf of her grandmother, Ratcliff filed an Amended Petition in state court on May 16, 2025. ECF No. 1-11 at 2. The Amended Petition included a statement of a monetary demand over $75,000. ECF No. 1-11 at 3. Based on the Amended Petition, Defendant removed the case to federal court for a second time. ECF No. 1. Defendant asserted that the court had diversity jurisdiction under 28 U.S.C. § 1332(a). *Id.*

On October 21, 2025, the court issued a Memorandum and Recommendation and Order denying Plaintiff's Motion for Leave to File First Amended Petition, granting Plaintiff's Motion for Leave to File Motion to Remand, and recommending denial of Plaintiff's Motion to Remand. ECF No. 35. Relevant here, the court also explained that Ratcliff, who is not a licensed attorney, lacks the authority to represent her grandmother in court and stated, "As it stands, Frances St. Amand is the sole plaintiff in this lawsuit." *Id.* at 5. The court's issued a separate order for Plaintiff St. Amand to either "(1) file notice to the court stating that she will represent herself in this action pro se, or (2) hire an attorney, who shall file a notice of appearance on her behalf," and to inform the court of her decision by November 20, 2025. ECF No. 36. The court warned that failure to comply with the order would "result in a recommendation that the case be dismissed for want of prosecution." *Id.* The order was docketed on the court's CM/ECF system. The Clerk's Office mailed a hard copy of the order via first-class mail to the physical address provided when Plaintiff filed this lawsuit. *See* ECF Nos. 1-5, 1-11, 36. Plaintiff did not comply with the order.

### 2. *Legal Standards*

Federal Rule of Civil Procedure 41(b) permits involuntary dismissal of an action when "the plaintiff fails to prosecute or to

comply with these rules or a court order[.]" "It is well established that Rule 41(b) permits dismissal not only on motion of the defendant, but also on the court's own motion." *Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021) (clarifying that the court's power to dismiss does not extend to failure to comply with a local rule). The court's decision to dismiss under Rule 41(b) may only be reviewed for abuse of discretion. *Id.* at 801.

Rule 41(b) dismissal with prejudice is "a severe sanction" that requires (1) "a clear record of delay or contumacious conduct by the plaintiff[;]" and (2) an express finding that "lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Campbell*, 988 F.3d at 801–02 (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)). In most cases, the Fifth Circuit also requires proof of at least one of the following aggravating factors: (1) the delay was caused by the plaintiff and not the plaintiff's attorney; (2) the defendant was prejudiced by the delay; or (3) the delay can be characterized as intentional. *Id.* at 802 (quoting *Berry*, 975 F.2d at 1191).

### 3. Analysis

#### A. Clear Record of Delay

Plaintiff is appearing pro se, so she is responsible for all efforts to prosecute this case. Plaintiff has not taken any action in this case. All motions have been filed by Ratcliff, purporting to act on behalf of Plaintiff. Additionally, Plaintiff did not respond to the court's order to file a notice of appearance by November 20, 2025. Neither Plaintiff nor Ratcliff has contacted the court to provide an updated mailing address. These facts show a clear record of delay.

#### B. Futility of Lesser Sanctions

The court warned Plaintiff that dismissal would result if she failed to respond to the court's order. Given the nature of this case,

and the fact that Plaintiff is appearing *pro se*, it is not likely that a monetary sanction would provoke any action. There appears to be nothing the court can do to get the Plaintiff's attention on this case. There are no other steps the court can take that will prompt Plaintiff to participate. Lesser sanctions would be futile.

### C. Aggravating Factors

Plaintiff does not have a lawyer, so any delay can only be attributed to her. The delay in this case can only be characterized as intentional. Plaintiff failed to respond to the court's order and has made no attempt to communicate with the court or opposing counsel. Additionally, Ratcliff, who is not an attorney, but who has been seeking to act on behalf of Plaintiff, has made no attempt to communicate with the court since August 25, 2025.

### 4. Conclusion

For the foregoing reasons, the court recommends that this case be **DISMISSED with PREJUDICE** for failure to prosecute.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas on November 25, 2025.

Peter Bray
United States Magistrate Judge