UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Bria Ratcliff, as Power of Attorney § <br> for Frances St. Amand, § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> EKRE of TX, LLC, § <br> *Defendant*. § | Civil Action H-25-2280 |

### MEMORANDUM AND RECOMMENDATION ON BRIA RATCLIFF'S MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL

This case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). ECF No. 79. Pending before the court is Bria Ratcliff's Motion to Proceed in Forma Pauperis on Appeal. ECF No. 46. The court recommends that Ratcliff's Motion to Proceed in Forma Pauperis on Appeal, ECF No. 46, be **DENIED**.

The salient background facts are set forth in the court's October 21, 2025 Memorandum and Recommendation and Order, ECF No. 35. The court has repeatedly explained that Ratcliff, who is not a licensed attorney, lacks the authority to represent Plaintiff Frances St. Amand. ECF Nos. 35 at 4–5, 39 at 2, 42 at 1. On December 17, 2025, the court dismissed St. Amand's claims with prejudice for want of prosecution. ECF Nos. 43, 44. On December 23, 2025, Ratcliff filed a Notice of Appeal, which states that "Plaintiff Bria Ratcliff, proceeding pro se, hereby appeals . . . ." ECF No. 45.

An appeal may not be taken in forma pauperis if it is not taken in good faith. 28 U.S.C. § 1915(a)(3). An appeal is not taken in good faith when it is frivolous. *Coppedge v. United States*,

369 U.S. 438, 445 (1962). A frivolous action is one that "lacks an arguable basis either in law or in fact." *Mackey v. Dickson*, 47 F.3d 744, 745 (5th Cir. 1995). An action lacks an arguable basis in law when the litigant lacks standing to pursue their claims. *See Cangelosi v. Brag*, No. 24-1410, 2024 WL 4827368, at *3 (E.D. La. Nov. 19, 2024) ("Since [plaintiff-appellant] does not have standing to bring his claims, his complaint lacks a basis in law and it is therefore frivolous."); *Allen v. Sanders*, No. 2:98-CV-65, 1998 WL 318841, at *3 (N.D. Tex. June 4, 1998) ("[P]laintiff has no standing to bring this claim and his attempt lacks an arguable basis in law and is frivolous.").

It is a well-settled "rule that only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment . . . ." *Marino v. Ortiz*, 484 U.S. 301, 304 (1988) (*per curiam*). "But a non-party may be allowed to appeal an order that affects his interests." *Arnold v. Barbers Hill Indep. Sch. Dist.*, 157 F.4th 749, 754 (5th Cir. 2025). To determine if an order affects a non-party's interests sufficient to justify their standing on appeal, the court "assesses (1) whether the non-party actually participated in the proceedings below, (2) whether the equities weigh in favor of hearing the appeal, and (3) whether the non-party has a personal stake in the outcome." *Id.* (internal quotations and citations omitted).

The court denied Ratcliff's motion for leave to add herself as a plaintiff and clarified that Frances St. Amand is the sole plaintiff in this case. *See* ECF Nos. 37, 42. Ratcliff, a non-party, has not explained her interest in this case or how she otherwise has standing to appeal. Accordingly, the court cannot identify a non-frivolous issue that Ratcliff may challenge on appeal. The court therefore finds that this appeal is frivolous and is not taken in good faith.

For this reason, the court recommends that Ratcliff's Motion to Proceed in Forma Pauperis on Appeal, ECF No. 46, be **DENIED**.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on January 5, 2026.

_____
Peter Bray
United States Magistrate Judge